## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **ACE HARDWARE CORPORATION,** | |
| **Plaintiff,** | **Civil Action No.** |
| **v.** | **JURY DEMANDED** |
| **ACE BOLT & SCREW COMPANY, INC.,** | |
| **Defendant.** | |

## <u>COMPLAINT</u>

Ace Hardware Corporation ("Ace"), by and through its undersigned counsel, brings this action for trademark infringement, false designation of origin, and unfair competition under the Lanham Act, trademark infringement and unfair competition under Georgia common law, trademark dilution under O.G.C.A. § 10-1-451(b), deceptive trade practices under Georgia's Deceptive Trade Practices Act under O.G.C.A. § 10-1-371, *et seq.*, and unfair competition under O.G.C.A. § 23-2-55 by Defendant Ace Bolt & Screw Company, Inc. ("Ace Bolt") and alleges as follows:

## INTRODUCTION

1.    Ace is a well-known provider of hardware and home improvement goods and services, serving local communities throughout the United States for more than a century.  Ace owns numerous United States trademark registrations for its ACE trademark, as well as other ACE derivative trademarks.

2.    Long after Ace's first use and numerous registrations, Ace Bolt— using essentially the same name— began offering the same goods and related services to those offered by Ace.  Making matters worse, over the last few years, Ace Bolt expanded the scope of its business to new customer bases and geographies offering competing products from stores situated, in at least one instance, less than a mile from an Ace location and operating under the identical ACE and ACE-derivative designations for identical hardware products and related hardware retail services.

3.    Unsurprisingly, consumers are already expressing confusion between Ace and its products and services, and the products and services offered by Ace Bolt.  By using an identical and confusingly similar designation for the same products and services in overlapping geographies, Ace Bolt unfairly competes with Ace by creating confusion that Ace Bolt's products and services are authorized, sponsored, endorsed, or approved by Ace when they are not.

4.    Ace is committed to safeguarding its valuable brands and the customer confidence and goodwill it has earned over the last century of use.  Ace brings this action to protect consumers from confusion caused by Ace Bolt's use of the identical term ACE and ACE-derivative designations for the sale of hardware products and related hardware retail services.  Ace is deeply concerned that, if Ace Bolt is not stopped from encroaching on Ace's trademark rights, consumer confusion that has already begun will only continue to grow.

5.    Accordingly, Ace seeks injunctive and equitable relief, and monetary damages for the violations of Ace's proprietary rights and Ace Bolt's unfair competition as set forth more fully below.

## **PARTIES**

6.    Ace Hardware Corporation is a corporation organized and existing under the laws of Delaware, with a principal place of business at 2915 Jorie Boulevard, Oak Brook, IL, 60523.

7.    Ace Bolt & Screw Company, Inc. is a company existing under the laws of Mississippi, with a principal place of business at 530 Julienne Street, Jackson, MS, 39201.

8.    Ace Bolt is registered to conduct business in Georgia and owns and operates a brick-and-mortar location at 2390 Satellite Blvd., Suite K, Buford, GA

30518, through which it actively conducts business, sells products, and offers services.

9.      Upon information and belief, Ace Bolt operates the website acebolt.net and is responsible for its content.

## JURISDICTION AND VENUE

10.      This is an action for trademark infringement under 15 U.S.C. § 1114(1), trademark infringement, false designation of origin, and unfair competition under 15 U.S.C. § 1125(a), trademark infringement and unfair competition under Georgia common law, trademark dilution under O.G.C.A. § 10-1-451(b), deceptive trade practices under Georgia's Deceptive Trade Practices Act under O.G.C.A. § 10-1-371, *et seq.*, and unfair competition under O.G.C.A. § 23-2-55.

11.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Ace Bolt has committed tortious conduct within this District and the events or omissions giving rise to the claims occurred, in part, in the Northern District of Georgia.

12.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

13.     This Court also has diversity jurisdiction under 28 U.S.C. § 1332(a) over these claims because the parties are citizens of different states and the amount in controversy exceeds $75,000.

14.     This Court has supplemental jurisdiction over Ace's Georgia common law and statutory claims pursuant to 28 U.S.C. § 1367(a), because such claims are so related to the federal claims that they form a part of the same case or controversy and derive from a common nucleus of operative facts.

## FACTUAL ALLEGATIONS

### Ace's Valuable Trademark Rights

15.     Ace has been operating hardware stores in the United States since 1924.  Over the last century, Ace has operated nationally under the ACE brand, including engaging in nationwide advertising and distribution of its products and services.

16.     Ace's presence in Georgia dates back over half a century with one of the first hardware stores becoming affiliated with Ace in 1961 in Atlanta, Georgia and in 1963 in Washington, Georgia.

17.     Ace opened a distribution center in Conyers, Georgia in the early 1970s.

18.     Today, thousands of locally-owned Ace stores operate across the country and in all 50 states.  More than half of Ace's U.S. consumers live within

five miles of an Ace location. Ace also operates an extensive online retail store where consumers can easily purchase products delivered to their door. Ace stores sell everything from bolts and screws, hardware and other tools, paint to small appliances, smart home products such as wireless deadbolt locks, surveillance and security products, home electronics, and even snacks. In addition, Ace's wholly-owned subsidiary, Ace Handyman Services, provides handyman, plumbing, painting, HVAC, and other maintenance, repair and in-home services.

19. In addition to do-it-yourself consumers, Ace offers similar products to construction, painting, plumbing, and similar professionals, as well as directly to other businesses (i.e., B2B consumers).

20. Given Ace's size, prominence, reputation and long-standing use of the ACE name and trademarks, the ACE marks are widely recognized and well-known among the relevant consuming public.

21. Ace owns the following United States trademark registrations for its ACE and ACE-derivative marks:

| Trademark | Registration Date | Full Goods/Services |
|---|---|---|
| ACE Reg. No. 2797408 | December 23, 2003 | Class 2: Interior and exterior latex and oil-base paints, primers, stains, thinners, varnishes and lacquers |

| Trademark | Registration Date | Full Goods/Services |
|---|---|---|
| **ACE** Reg. No. 1426137 | January 27, 1987 | Class 1: Adhesives for use in bonding to substrates, such as paneling, plywood, wall board, tiles, and floor coverings; lawn and garden fertilizer; transmission fluid<br><br>Class 6: Metal pipe fittings and connectors; metal manually operated valves; metal hardware, namely, staples for securing insulated electrical wiring, snaps and swivels; metal brackets and clamps for holding and supporting lamps; metal manually operated plug, saddle and needle valves; night latches; padlocks; snaps; swivels<br>Class 7: Power sanders and wheels and parts therefor; utility and sump pumps and parts therefor; saw blades, namely circular and jig saw<br><br>Class 9: Alkaline batteries; booster cables; electrical accessories, namely, electrical plugs, receptacles, adaptors, plug bases, connectors, cord switches, switches, grounding taps, phone jacks, plugs, socket adaptors, sockets, current taps, fuses, wire connectors and terminals; extension cords; hand levels; multiple outlet outdoor power blocks; phone jacks; electric wall plates<br><br>Class 11: Dryer vents and ducts; faucets and fittings; flexible gas utility connectors; |

| Trademark | Registration Date | Full Goods/Services |
|---|---|---|
| | | flexible water heater connectors; flashlights and bulbs; floodlights; florescent lamps; electric lamps, light bulbs, night lights, and trouble lights; toilet bowl gaskets, bolts & screw sets; toilet tank floats and levers<br><br>Class 16:<br>Paint brushes and containers therefor; paint rollers; paper drop covers<br><br>Class 17:<br>All purpose tape; caulking compounds; duct and pipe covers; garden hose; hose repair kits comprising male and female couplings for garden hose; pipe insulation; pipe joint compound; pipe thread cord and tape; plastic sheets for general and industrial use; silicone and acrylic joint sealants; thread sealing compound; washing machine hose; weather sealing tape; weather seals; weather strips<br>Class 19:<br>Black top sealers; drywall joint compound; glazing compounds; materials containing latex and small aggregates for filing holes and cracks in driveways; plastic and liquid driveway crack sealers compounds; spackling compound; tile grout<br><br>Class 20:<br>Drill bit organizers sold empty; plastic manually operated plug, saddle and needle valves |

| Trademark | Registration Date | Full Goods/Services |
|---|---|---|
| | | Class 21:<br>Brooms; garden spray containers with or without hose attachments; household spray dispenser bottles; pails; polishing cloths; sponges; sweeping brushes<br><br>Class 22:<br>Plastic trash and lawn bags; tarpaulins<br><br>Class 25:<br>T-shirts<br><br>Class 31:<br>Grass seed |
| **ACE**<br>Reg. No. 1464025 | November 3, 1987 | Class 42:<br>Retail store services in the field of hardware and related goods |
| **ACE**<br>Reg. No. 1683538 | April 21, 1992 | Class 2:<br>Interior and exterior heat resistant paint, lacquer for use as a surface coating, enamel interior and exterior paint, rust and heat resistant enamel interior and exterior paint, rust resistant primer paint, primer paint, interior and exterior polyurethane spray on surface coating, and fluorescent interior and exterior paint<br><br>Class 4:<br>All purpose lubricants |
| **ACE** | February 27, 2018 | Class 7:<br>Blow torches, namely, propane torches for brazing, spot heating and melting; |

| Trademark | Registration Date | Full Goods/Services |
|---|---|---|
| Reg. No. 5410814 | | rotary paint stripper attachments for power tools<br><br>Class 8:<br>Hand tools, namely chisels, wall scrappers, and squares; drill bits for hand drills; flat wrenches; paint guards, namely, hand operated paint trim guards; razor blades; flooring knives; putty knives; pliers; blades for manually-operated tools; utility knives and replacement blades |
| **ACE**<br>Reg. No. 6593289 | December 21, 2021 | Class 9:<br>Downloadable application software for providing consumer information, maintaining and tracking rewards, tracking purchase history and making purchases for use in connection with retail hardware store services |
| **ACE**<br>Reg. No. 3879761 | November 23, 2010 | Class 35:<br>Retail hardware store services |
| **ACE**<br>**Hardware**<br>Reg. No. 1486528 | April 26, 1988 | Class 42:<br>Retail store services in the field of hardware and related goods |
| **ACE**<br>**REWARDS**<br>Reg. No. 6711224 | April 26, 2022 | Class 35:<br>Promoting the goods and services of others through various incentive programs offered to preferred customers; business administration of consumer loyalty programs; retail and |

| Trademark | Registration Date | Full Goods/Services |
|---|---|---|
| | | online retail hardware and general store services featuring a bonus incentive program for customers; administration of a customer loyalty program which provides and rewards current customers with coupons for free or discounted future purchases of products and services |
| **ACE** Rewards<br><br>Reg. No. 3635738 | June 9, 2009 | Class 35:<br>Promoting the goods and services of others through various incentive programs offered to preferred customers |
| ACE REWARDS Reg. No. 6711223 | April 26, 2022 | Class 35:<br>Promoting the goods and services of others through various incentive programs offered to preferred customers; business administration of consumer loyalty program; retail and online retail hardware and general store services featuring a bonus incentive program for customers; administration of a customer loyalty program which provides and rewards current customers with coupons for free or discounted future purchases of products and services |
| ACE HOME CENTER Reg. No. 1982130 | June 25, 1996 | Class 42:<br>Retail store services in the field of hardware and related goods |
| ACE IS THE PLACE Reg No. 1602715 | June 19, 1990 | Class 35:<br>Aiding in the establishment and operation of retail stores for others in the field of hardware, and related goods |

| Trademark | Registration Date | Full Goods/Services |
|---|---|---|
| ACE IS THE PLACE WITH THE HELPFUL HARDWARE FOLKS Reg. No. 4641819 | November 18, 2014 | Class 35: Retail hardware store services; providing business management assistance in the establishment and operation of hardware stores for others in the field of hardware and related goods |
| ACE CONTRACTOR CENTER Reg. No. 2158681 | May 19, 1998 | Class 35: Retail store services in the field of lumber, building materials and related supplies |
| ACE CONTRACTOR PRO Reg. No. 2273483 | August 31, 1999 | Class 2: indoor and outdoor paints, and primers |
| ACE ESSENCE Reg. No. 3635925 | June 9, 2009 | Class 2: Indoor and outdoor house paint |
|  Reg. No. 5526077 | July 24, 2018 | Class 35: Retail store services featuring hardware, paint and home improvement goods |
|  Reg. No. 6241209 | January 5, 2021 | Class 37: Handyman services, namely, home repair, remodeling, cleaning, improvement and maintenance services; installation, repair, and maintenance of home appliances, furnishings and fixtures |
|  | June 2, 2020 | Class 37: Handyman services, namely, home |

| Trademark | Registration Date | Full Goods/Services |
|---|---|---|
| Reg. No. 6071158 | | repair, remodeling, cleaning, improvement and maintenance services; installation, repair, and maintenance of home appliances, furnishings and fixtures |
| ACE GARDEN PLACE Reg. No. 5195867 | November 4, 2020 | Class 35: Retail store services in the field of hardware and garden products and building materials |

22.    True and correct copies of the U.S. Trademark Registration Certificates for the ACE marks are attached hereto as **Exhibit 1**.

23.    Ace's registrations referenced above are valid and subsisting, in full force and effect, and constitute *prima facie* evidence, and those registrations that are incontestable constitute conclusive evidence, of Ace's exclusive right to use the marks in commerce in the United States in connection with the ACE marks and goods specified in the registrations.

24.    Ace's ACE-derivative trademarks are composed and used in a way that the public associates not only the individual trademarks with Ace but also recognizes the dominant "ACE" element as a common characteristic of Ace's trademarks as being owned exclusively by Ace.  Ace's trademarks have been so extensively advertised and used over decades, that when consumers see "ACE" in the hardware business, they assume that Ace is the source of the products or related services.

25.    In addition to rights from the above registrations for the ACE marks in paragraph 21, Ace owns valid common law rights in ACE and ACE-derivative trademarks, which date back to at least as early as 1924 (collectively, the "ACE Marks").

26.    Over the last century, Ace extensively advertised, promoted, and offered its hardware products and services and has created widespread goodwill under its ACE Marks throughout the United States, including in this District. Ace has advertised its stores by mail, signage, and television and radio and through the Internet. Ace has done so nationally for decades, and well before the Defendant began its business. Some of its advertising has become iconic featuring national celebrities from sports, entertainment and the home improvement industries.

27.    ACE has at least 83 stores in this District alone.

28.    The ACE Marks are valuable assets of Ace and serve as a principal symbol of Ace's extensive goodwill.  Because of the widespread and long-standing advertising and distribution of Ace's goods and services bearing its marks, professionals and ordinary consumers have come to recognize the ACE Marks as signifying Ace and as identifying Ace as the source of goods and services provided under the ACE Marks.

29.    As a result of Ace's extensive and continuous use and promotion of the ACE Marks, the ACE Marks are widely recognized and have acquired

14

substantial value as specific identifiers of the source of quality products and serve to identify and distinguish ACE's products and services from those of others.

**Ace Bolt's Infringing Conduct**

30.    Ace Bolt initially operated exclusively in Jackson, Mississipi

31.    Ace Bolt initially provided product tracing, and poly-bagging to professional dealers. These are services that Ace does not offer.

32.    Recently, however, Ace Bolt has expanded its business to include direct to consumer hardware and tool sales and other hardware retail services.  In fact, Ace Bolt now sells many of the same products that consumers can find in Ace stores, including some of the same brands of tools like DeWalt, Milwaukee Tool, and Diablo.

33.    Ace Bolt also recently expanded geographically into Georgia, and now operates a brick-and-mortar location less than a mile from an Ace store in Buford, Georgia.

34.    Ace Bolt has also opened two new locations in the last two years in Mississipi.  Each is located five miles or less from an Ace store.

35.    Ace Bolt utilizes the ACE-derivative designation "ACE BOLT & SCREW CO. INC." in connection with the sale of its hardware and tool sales and other hardware retail services.  Ace Bolt emphasizes the "ACE" portion of the mark as the dominant portion of its designation.

36.    For example, as shown at Ace Bolt's Buford, Georgia location, the word "ACE" is significantly larger and more prominent than the terms "BOLT & SCREW CO. INC.", such that consumers are likely to refer to it merely as "ACE."





37.    Ace Bolt's other signage likewise prominently emphasizes the term "ACE" over any other element of Ace Bolt's designation.





38.     Ace Bolt also uses the term "ACE" in a circle separate and apart from the "Ace Bolt & Screw Co., Inc." name as part of its online advertising, including as shown below.



39.     Over the past two decades, Ace has continued to grow its contractor and business-to-business business.  Upon information and belief, multiple businesses now have customer accounts at both Ace Bolt and Ace stores.

40.     Since Ace Bolt started selling direct to consumers, Ace has learned of instances of consumer confusion, including at Ace's Buford, GA location.

41.     Ace has also learned of instances of confusion in Greenwood, Mississippi, where Ace Bolt held a Grand Opening for its new store in November 2023 on the same street as an Ace store location, again, less than a mile away.

42.     Prior to the opening of Ace Bolt's Greenwood location, customers came to the Ace store and asked when the new Ace location was planning to open, mistakenly referencing the new Ace Bolt location.

43.     Ace has never approved or endorsed Ace Bolt's use of ACE or ACE-derivative designations, and has never authorized the sale, offering for sale, advertising or promotion of products and services in connection with ACE or ACE-derivative designations for hardware products or related retail services.

44.     Ace Bolt's use of the identical term "ACE" and ACE-derivative designations is causing, and will inevitably continue to cause significant confusion as to the source and affiliation of Ace Bolt's products and services. Additionally, Ace has no ability to ensure that the quality of products that Ace Bolt sells or

services that Ace Bolt offers are consistent with the quality of service that Ace delivers to its customers.

45.    As a direct result of Ace Bolt's actions, Ace has suffered, and will continue to suffer, irreperable harm as a result of Ace Bolt's actions, including, but not limited to, irreprable harm to its repuation, goodwill, business and customer relationships, intellectual property rights, and brand integrity.

46.    Ace is entitled to injunctive relief because, unless enjoined by this Court, Ace Bolt will continue to cause consumer confusion and continued irreparable harm to Ace's goodwill, relationships, intellectual property, and brand integrity.

47.    Ace Bolt's conduct was and is knowing, reckless, intentional, and willful.

## COUNT I

## Trademark Infringement Under 15 U.S.C. § 1114

48.    Ace hereby incorporates by reference and re-alleges the allegations in the foregoing paragraphs as if fully set forth herein.

49.    Ace owns valid and protectable United States federal trademark registrations for its ACE Marks.

50.    Without Ace's consent, Ace Bolt used and continues to use in commerce an identical "ACE" designation and confusingly similar ACE-derivative

designations to Ace's registered ACE Marks in connection with the offering, distribution, sale and/or advertising of hardware products and hardware store services, which is likely to cause confusion, mistake, or to decieve, in violation of the Lanham Act, 15 U.S.C. § 1114(1).

51.    As a direct and proximate result of Ace Bolt's actions described above, Ace has been damaged and will continue to be damaged if not enjoined.

52.    Ace Bolt's activites described above have, at all times, been willful and/or knowing.

53.    Ace Bolt's actions complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Ace to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT II

### Trademark Infringement, False Designation of Origin, and Unfair Competition Under 15 U.S.C. § 1125(a)

54.    Ace hereby incorporates by reference and re-alleges the allegations in the foregoing paragraphs as if fully set forth herein.

55.    Ace Bolt's actions, as described above, including its use of an identical "ACE" designation and confusingly similar ACE-designations constitutes use in commerce of a word, term, name, symbol, or device, or combination thereof, and a false designation of origin that is likely to cause confusion or mistake in the public mind or to deceive the public, as to the origin, sponsorship, or approval of

Ace Bolt, its products, and/or its commercial activities by or with Ace, and therefore constitute trademark infringement, false designation of origin, passing off, and unfair competition in violation of 15 U.S.C. § 1125(a).

56.    Ace Bolt had actual or constructive knowledge of Ace's ownership of the ACE Marks, and Ace Bolt is committing the foregoing acts with full knowledge that it is infringing upon Ace's rights.  As a result, Ace Bolt's activities described above have, at all times, been willful and/or knowing.

57.    As a direct and proximate result of Ace Bolt's actions described above, Ace has been damaged and will continue to be damaged if not enjoined.

58.    Ace Bolt's actions complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Ace to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT III

## Trademark Dilution Under O.G.C.A. § 10-1-451(b)

59.    Ace hereby incorporates by reference and re-alleges the allegations in the foregoing paragraphs as if fully set forth herein.

60.    Ace owns valid and protectable registered trademark rights in its ACE Marks.

61.    The ACE Marks are inherently distinctive.

62.    Even if the ACE Marks were determined not to be inherently distinctive, the duration and extent of use of each of the ACE Marks resulted in a degree of public recognition required to show secondary meaning such that each mark is distinctive in Georgia.

63.    Ace Bolt's actions, as described above, including by its use of the same and similar "ACE" and ACE-derivative designations are likely to cause injury to Ace's commecial reputation and/or dilute the distinctive quality of its marks.

64.    Ace Bolt's activities described above have, at all times, been willful and/or knowing.

65.    The above-described acts of Ace Bolt constitute trademark dilution in vilation of the Official Georgia Code Annotated Section 10-1-451(b).

66.    As a direct and proximate result of Ace Bolt's actions described above, Ace has been damaged and will continue to be damaged if not enjoined.

67.    Ace Bolt's actions complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Ace to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT IV

## Violation of Georgia's Deceptive Trade Practices Act Under O.G.C.A. § 10-1-371 *et seq.*

68.    Ace hereby incorporates by reference and re-alleges the allegations in the foregoing paragraphs as if fully set forth herein.

69.    As described above, Ace Bolt has engaged in deceptive trade practices in the course of its business by using identical-in-part and confusingly similar ACE-derivative designations to the ACE Marks and passing off its goods and services as as those of Ace.

70.    Through the actions described herein, Ace Bolt causes likelihood of confusion, confusion, and/or misunderstanding as to the source, sponsorship, approval between Ace and its goods and services on the one hand and Ace Bolt's goods and services on the other hand.

71.    As a result, Ace Bolt's conduct causes harm to Ace in violation of Ace's proprietary rights, and has engaged in unfair, deceptive, and/or misleading advertising and sale of products and services.

72.    As a direct and proximate result of Ace Bolt's actions described above, Ace has been damaged and will continue to be damaged if not enjoined.

73.    Ace Bolt's actions complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Ace to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT V

## Unfair Competition Under O.G.C.A. § 23-2-55

74.     Ace incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

75.     Georgia's Unfair Competition Law, O.C.G.A. § 23-2-55, prohibits any unlawful, unfair, or fraudulent business act or practice, and unfair, deceptive, untrue or misleading advertising.

76.     Ace Bolt's acts described herein constitue unfair competition in violation of O.G.C.A. § 23-2-55.

77.     Ace Bolt's conduct has damaged Ace and will, unless enjoined by the Court, further impair the value of the ACE Marks, Ace's name, reputation, and goodwill.  This harm constitues injury for which Ace has no adequate remedy at law.

78.     As a direct and proximate result of Ace Bolt's actions described above, Ace has been damaged and will continue to be damaged if not enjoined.

79.     Ace Bolt's actions complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Ace to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT VI

## Common Law Trademark Infringement and Unfair Competition

80.     Ace incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

81.     Ace Bolt's actions complained of herein constitute trademark infringement in violation of Georgia common law.  Ace Bolt has infringed Ace's ACE Marks in violation of Ace's proprietary rights.  Such acts constitute trademark infringement, unfair trade practices, and unfair competition under common law.

82.     Ace Bolt's activities described above have, at all times, been willful and/or knowing.

83.     As a direct and proximate result of Ace Bolt's actions described above, Ace has been damaged and will continue to be damaged if not enjoined.

84.     Ace Bolt's actions complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Ace to suffer irreparable harm for which there is no adequate remedy at law.

## JURY DEMAND

Ace respectfully demands a trial by jury on all issues properly triable by a jury in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Ace prays that the Court enter judgment and declaratory relief in its favor on each and every claim for relief set forth above and award Ace relief including, but not limited to the following:

A.    An Order preliminarily and permanently enjoining and restraining Ace Bolt, its officers, successors, agents, servants, employees, attorneys, and anyone acting in active concert or participation with any of them:

1.  From using, in any manner, the ACE Marks or any marks, names, trade dress, designs, symbols or devices that are identical, substantially indistinguishable from, colorable imitations of, confusingly similar to, dilutive of, or that may tarnish any of the ACE Marks, including Ace Bolt's ACE and ACE BOLT & SCREW CO. INC. designation;

2.  From committing any acts calculated to cause consumers to believe that Ace Bolt's products and services are sold or provided under the control or supervision of Ace, or that they are sponsored or approved by, connected with, guaranteed by, or produced under the control and supervision of Ace when they are not;

3.  From further diluting and infringing Ace's ACE Marks and damaging Ace's reputation and goodwill in the ACE Marks;

4.  From otherwise unfairly competing with Ace in any manner;

5.  From shipping, delivering, transferring, or otherwise disposing of, in any manner, products or inventory which bear any of the ACE Marks or any mark confusingly similar thereto or that is likely to dilute the distinctiveness of the ACE Marks; and

6.  From aiding, assisting, or abetting any other person or business entity engaging in or performing any of the activities referred to in subparagraphs A(1)-(5) above;

B.    An Order declaring that Ace Bolt's infringement was knowing, willful, and intentional;

C.    An Order directing Ace Bolt to withdraw and retract from the marketplace in the United States all products, product packaging and displays, advertisements, commercials, and other materials in connection with hardware products or hardware store services, regardless of where those materials are situated in the distribution chain (including, without limitation, affiliates, related companies, agents, and retailers), that consist of, bear, or display Ace's ACE Marks, and/or any marks, names, trade dress, and designs that are confusingly similar to or likely to dilute or tarnish the ACE Marks;

D.    An Order directing Ace Bolt to destroy all products and materials that consist of, bear, or display Ace's ACE Marks on or in connection with hardware,

tools, hardware retail services, or any other unauthorized uses of the ACE Marks, or any marks, names, trade dress, and designs that are confusingly similar to or likely to dilute or tarnish such marks, in accordance with 15 U.S.C. § 1118 and other applicable laws;

E.    An Order directing Ace Bolt to file with this Court and serve on Ace's attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction;

F.    An Order requiring Ace Bolt to pay compensatory damages in an amount as yet undetermined caused by the foregoing acts of infringement, false designation of origin, unfair competition, and trebling such compensatory damages for payment to Ace in accordance with 15 U.S.C. § 1117, and other applicable statutes and laws;

G.    An Order requiring Ace Bolt to account for and to pay any and all profits arising from the foregoing acts of infringement, dilution, false designation of origin, unfair competition, and an increasing of such profits for payment to Ace in accordance with 15 U.S.C. § 1117, and other applicable statutes and laws;

H.    Restitutionary relief against Ace Bolt and in favor of Ace, including disgorgement of wrongfully obtained profits and any other appropriate relief;

I.    An Order requiring Ace Bolt to pay Ace punitive damages in an

amount as yet undetermined caused by the foregoing acts of Ace Bolt pursuant to Georgia law, O.G.C.A § 51-12-5.1, in view of Ace Bolt's intentional and willful trademark infringement, unfair competition, and other conduct;

J.    An Order requiring Ace Bolt to pay Ace the cost for corrective advertising and/or to engage in corrective advertising in a manner directed by the Court;

K.    An Order requiring Ace Bolt to pay Ace's costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117, and Georgia law, O.C.G.A. § 10-1-373, and other applicable statutes and laws;

L.    An Order awarding Ace pre-judgment and post-judgment interests on all damages awarded by the Court;

M.    An Order requiring Ace Bolt to pay the costs of suit and reasonable attorneys' fees to the extent not specified above; and

N.    An Order awarding any other such relief the Court deems just and proper under any other applicable law.

Dated: December 3, 2024

**DLA PIPER LLP (US)**

*/s/ Emily Marshall*

Emily Marshall
1201 West Peachtree Street, Suite 2900
Atlanta, GA 30309
Telephone: 404.736.7823
emily.marshall@us.dlapiper.com

J. Kevin Fee (*pro hac vice* forthcoming)
Jane W. Wise (*pro hac vice* forthcoming)
500 8th Street, NW
Washington, DC 20004
Telephone: 202.799.4149
kevin.fee@us.dlapiper.com
jane.wise@us.dlapiper.com

*Attorneys for Plaintiff Ace Hardware
Corporation*